UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARNELL STEELE,

        Plaintiff,

-v-

MR. BRIAN FISCHER, Commissioner, NYSDOCCS,
Mr. GARY RALPH, Parole Officer; Dept. Of Parole, NYS,
MID-ERIE COUNSELING AND TREATMENT SERVICES,
ELIZABETH L. MAURO,
KENNETH DUSZYNSKI, and
THE TREATMENT TEAM AT MID-ERIE, ET AL.,

        Defendants.

12-CV-461M
ORDER



## INTRODUCTION

Plaintiff Darnell Steele has filed a complaint (Docket No. 1), supplemented by an amended statement of facts (Docket No. 7),[1] a motion for leave to proceed *in forma pauperis* (Docket No 2), and a motion for the appointment of counsel (Docket No. 6). At the time he commenced this action plaintiff was an inmate of the Groveland Correctional Facility, but he has since been released on parole. Plaintiff's claims, as explained more fully below, concern his medical treatment during his enrollment in a counseling and

---

[1] Subsequent to the filing of his complaint, the allegations in which are fairly cursory, plaintiff filed a Statement of Facts (Docket No. 5) setting forth, in chronological order, factual allegations in support of his claims which referenced exhibits A-L attached to the Statement of Facts (Docket No. 5, pp. 6-27). Plaintiff later filed an amended Statement of Facts (Docket No. 7) which references the exhibits attached to the original Statement of Facts. The Court has accordingly deemed the complaint to consist of the complaint itself (Docket No. 1), the amended statement of facts (Docket No. 7) and the exhibits attached to the original statement of facts (Docket No. 5, pp. 15-27), and has disregarded the original Statement of Facts as superceded and replaced by the amended Statement of Facts.

treatment program at defendant Mid-Erie Counseling and Treatment Services ("Mid-Erie"), during a previous release on parole.

Plaintiff's request to proceed as a poor person is granted, and the Court determines, for the reasons discussed below, that his claims against defendant Brian Fischer, Commissioner of the New York State Department of Corrections and Community Service ("DOCCS") and the Treatment Team at Mid-Erie et al. must be dismissed, his claims against defendants Gary Ralph and Mid-Erie are sufficient as pled, and his remaining claims against others must be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless plaintiff files an amended complaint as directed below.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell*

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir. 1994)).

### Plaintiff's Allegations

Plaintiff, a registered sex offender, alleges in his complaint and amended statement of facts that, after his release on parole in January, 2011, he entered into a counseling and treatment program at Mid-Erie; the contractual conditions for his participation in the program included prohibition on his possession or consumption of narcotic, narcotic-like or addictive medications, subject to exceptions when prescribed by a physician, but then only upon documentation indicating that such medications are absolutely necessary to treat a medical condition and that no alternative medications were available.

Plaintiff was involved in an automobile accident some seven months after entering into the program at Mid-Erie, and sustained a number of injuries. A physician who treated him post-accident prescribed medications that were generally prohibited under his contact with Mid-Erie. While plaintiff's narrative of the sequence of events which transpired thereafter between him, officials of Mid-Erie and his parole officer, defendant Gary Ralph, is not entirely coherent, his allegations indicate that the defendants thought he had violated the proscription on the use of narcotic or addictive medications; that they sanctioned him

as a result; that the "treatment team" at Mid-Erie and defendant Ralph decided against him taking certain pain medications, even though prescribed and deemed to be necessary by a physician; and that plaintiff was consequently forced to suffer pain and forgo certain treatments and surgery necessitated by his accident because the treatments/surgery would have been unbearable without the heavy duty painkillers defendants prohibited him from taking.

Plaintiff further alleges that when released on parole he was required to wear an ankle monitor, which had to be removed to enable him to undergo an MRI following his accident. Plaintiff alleges that defendant Ralph put the device back on his right leg, on which he had had surgery, causing him unnecessary pain—unnecessary because Ralph could have—but refused to—reattach the monitor to his left leg.

The gravamen of plaintiff's claims is set forth in the Conclusion of his amended statement of facts as follows:

> Erie County Treatment Center [sic] had no right to sit down as a Team "of Doctors" and vote on whether I can or cannot take medication, because they are not Medical Doctors and disregard my doctor [sic] plea to them. . . . .Because of their false determination and made me suffer [sic] for four months. The four months I went through unbearable pain, mentally and physically and violated my rights to medical treatment, and then in return violated my freedom and violated me on parole . . . .

Docket No. 7, p. 5.

As set forth in the complaint itself, plaintiff asserts two claims. The First Claim, directed at defendant Parole Officer Ralph and the Mid-Erie Treatment team, has two components: (1) defendant Ralph's alleged insistence on reattaching the monitoring device to the knee on which plaintiff had had surgery, causing him pain, and (2) the alleged

4

refusal of Ralph and the Mid-Erie Treatment Team to allow him to take his prescribed pain medication on the threat that if he did so, they would "throw [him] out of the program and violate [his] parole." The Second Claim, directed at "Mid-Erie Treatment Team and counselors," alleges that while the Treatment Team did change plaintiff's treatment plan to include the specific conditions set forth by his physician, the team members denied him additional surgeries that he needed due to his accident injuries.

Plaintiff's allegations with respect to the alleged denials of access to medications and appropriate medical treatments, as summarized above, are sufficient to allow Eighth Amendment deliberate indifference claims[2] to go forward against defendants Parole Officer Ralph and Mid-Erie.[3] His allegations are not, however, sufficient to allow such claims to go forward against the other defendants named in the complaint.

### Claims against Elizabeth Mauro, Kenneth Duszynski and the Treatment Team at Mid-Erie el al.

While plaintiff names two individuals employed by Mid-Erie, Elizabeth Mauro and Kenneth Duszynski, as defendants, neither the claims in the complaint nor the amended

---

[2] Plaintiff asserts, as the constitutional basis for his § 1983 claims, "deprived [sic] indifference." Complaint, pp. 5 (First Claim) 6 (Second Claim). Given the nature of his allegations concerning his pain management and the defendants' alleged refusal to allow him to take the pain medication and receive the treatment prescribed by his physicians, the Court construes plaintiff's allegations as asserting medical deliberate indifference claims under the Eighth Amendment. *See, e.g., Sanchez v. Docs Med. Dep't*, 2013 U.S. Dist. LEXIS 123775, at *6 (W.D.N.Y. Aug. 13, 2013) (claim that correctional facility defendants withheld inmate's pain medication states an Eighth Amendment deliberate indifference claim). To the extent that plaintiff also asserts "unlawful imprisonment" as an additional basis for the First Claim of the complaint, his allegations fail to support such claim inasmuch as plaintiff agreed to participate in the treatment program at Mid-Erie as a condition of his parole.

[3] With respect to defendant Mid-Erie, there would appear to be some question as to whether Mid-Erie, a private entity, was acting under color of state law with respect to its actions involving the plaintiff, and can therefore be liable to suit under 42 U.S.C. § 1983. *See, e.g., Catanzaro v. Harry*, 2013 U.S. Dist. LEXIS 46671, at *29-35 and n. 3 (W.D. Mich. Feb. 19, 2013) (discussing application of tests used to determine when the actions of private entities will be attributable to the state to § 1983 claims directed at private treatment programs and their employees, and citing cases). The issue is not one that the Court can resolve in the instant matter *sua sponte* based solely upon the allegations of the complaint.

statement of facts set forth any specific allegations against them with respect to the alleged violation of plaintiff's rights while he was resident at Mid-Erie. There are two mentions of defendant Dusyznski in the statement of facts. The first alleges that after plaintiff was called to meet with the "treatment team," and confronted with his alleged violation of the no drugs requirement, Dusyznski, along with "Ms. Curtis, Mr. Mochrie and some other people in the room" told him to change his "clean date" and to say that he had lied about taking his medication. (Docket No. 7, p. 2). The second reference to Duszynski occurs when plaintiff states, somewhat incoherently, that "[m]any times I asked Parole officers Gary Ralph, Mr. Mochrie, Ms. Curtis, Mr. Duszynski and all the people who sat on the treatment team, which went against my doctor orders and informed them that the treatment that the doctor (Dr. Strut) ordered because of nerve damage." (Docket No. 7, p. 3). One of the exhibits to the statement of facts is a letter from Duszynski, identified as the Forensic Program Director at Mid-Erie, to the plaintiff, but it is dated February 20, 2012–well after the dates on which plaintiff alleges that his rights were violated–and responds to plaintiff's request for a copy of his mental health treatment records (Docket No.5, p. 27). In other words, the letter appears to have no bearing on plaintiff's medical indifference claim against Duszynski.

There is no mention whatsoever of defendant Mauro in the body of the complaint or the amended statement of facts, and the Court's knowledge that she is the Executive Director of Mid-Erie stems only from the fact that the February 20, 2012 letter from defendant Duszynski to plaintiff, described above, is on Mid-Erie letterhead and indicates Mauro's position.

The Court suspects that the plaintiff's failure to set forth specific allegations against Duszynski and Mauro may stem from listing of "the Treatment at Mid-Erie, et al." as a defendant in the caption of the complaint, and his references in body of the complaint and amended statement of facts to the "Mid-Erie Treatment team" or "the treatment team." The context of some of these references suggests that plaintiff regards Duszynski and Mauro as members of the treatment team, but the Court cannot be sure, and cannot expect them to respond to a complaint in which they cannot identify the actions or failures to act that they are accused of committing. As previously noted, Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (quoting *Twombly*, 550 U.S. at 555). Moreover, the Court cannot assume that plaintiff's references to "the treatment team" are intended to include these defendants–or to include *only* these defendants, given plaintiff's allegations against other Mid-Erie officials who are not listed as defendants, but who would appear to be members of his "treatment team." *See, e.g.,* Docket No. 7, p. 3 (referencing, as quoted above, Mr. Mochire, Ms. Curtis, defendant Duszynski "and all the people who sat on the treatment team."). Nor can the Court direct service of the complaint upon "the Treatment Team at Mid-Erie, et al.". Plaintiff may indeed have been treated by a "treatment team," understood as consisting of counselors and other employees or officials of Mid-Erie who were assigned to his case, but as described by plaintiff, the treatment team is not an entity separate and distinct from defendant Mid-Erie and sueable as such.

In accordance with the foregoing discussion, plaintiff's claims against defendants Mauro, Duszynski and the "Treatment Team at Mid-Erie, et al." cannot proceed. The claims against the Treatment Team at Mid-Erie will be dismissed with prejudice, and the Treatment Team will be dismissed as a party to this action. The claims against Mauro and Duszynski must be dismissed, but plaintiff may assert claims against them in the amended complaint that he will be given leave to file, as directed below, in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure..

In addition, plaintiff may, in such amended complaint, include claims against additional defendants who he believes comprised members of his "treatment team" at Mid-Erie and who he alleges violated his rights.[4]

Claim against DOCCS Commissioner Brian Fischer

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which

---

[4]If plaintiff cannot identify by name any such additional member(s) of the "treatment team" that he wishes to include in the amended complaint, he may identify them as John or Jane Doe(s), but in so doing he should describe them as best he can in terms of, *e.g.*, title, physical appearance and duties.

8

unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (setting forth five categories under which a supervisory official may be personally involved for liability under § 1983).

The complaint sets forth no specific allegations against defendant DOCCS Commissioner Fischer, nor is there any mention of or allusion to him in the amended statement of acts. The Court therefore concludes that plaintiff's naming of Fischer as a defendant constitutes nothing more than an attempt to hold Fischer liable under the doctrine of *respondeat superior* and, accordingly, the claims against him must be dismissed with prejudice. *See Ruffalo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("[w]here it appears that granting leave to amend is unlikely to be productive ... it is not abuse of discretion to deny leave to amend."); *see also Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuocco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims against Brian Fischer and the Treatment Team at Mid-Erie, et al. are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), and defendants Fischer and the Treatment Team at Mid-Erie et al. will be terminated as parties to this action. In addition, plaintiff's Eighth Amendment deliberate indifference claims against

Elizabeth Mauro and Kenneth Duszynski must be dismissed pursuant to 28 U.S.C. § 1915(e), unless plaintiff files an amended complaint within **30 days** of the date of this Order in which he sufficiently pleads his claims against them as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the Eighth Amendment deliberate indifference claims against Elizabeth Mauro and Kenneth Duszynski will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), and service will be made of only the Eighth Amendment deliberate indifference clams against Gary Ralph and Mid-Erie Counseling and Treatment services.

Plaintiff's motion to appoint counsel (Docket No. 6) is denied without prejudice as premature.[5]

---

[5] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Moreover, this assessment must await the filing of any amended complaint that plaintiff may file as directed in this Order. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's motion for the appointment of counsel is denied without prejudice;

FURTHER, that plaintiff's claims against Brian Fischer and the Treatment Team at Mid-Erie et al. are dismissed with prejudice and the Clerk of the Court is directed to terminate defendants Fischer and the Treatment Team at Mid-Erie et al. as parties to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding his Eighth Amendment deliberate indifference claims against defendants Elizabeth Mauro and Kenneth Duszynski as directed above[6] within **30 days** from the date of this Order;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint (Docket No. 1), the exhibits to the statement of facts (Docket No. 5, pp. 5-27), the amended statement of facts (Docket No. 7), a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above within **30 days** from the date of this Order, the claims against Elizabeth Mauro and Kenneth Duszynski will be dismissed with prejudice without further order of the Court and

---

appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

[6]Plaintiff is reminded that he must also include in this amended complaint his claims against defendants Gary Ralph and Mid-Erie Counseling and Treatment Services. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they will not be preserved for service on the defendants.

11

the Clerk of the Court shall terminate defendants Mauro and Duszynski as parties to this action; and

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above within **30 days** from the date of this Order, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, the exhibits to the statement of facts (Docket No. 5, pp. 6-27), the amended statement of facts (Docket No. 7), and this Order regarding the Eighth Amendment deliberate indifference claims upon defendants Gary Ralph and Mid-Erie Counseling and Treatment Services, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[7]

SO ORDERED.

DATED: 9/11, 2013
Buffalo, New York

JOHN T. CURTIN
United States District Judge

---

[7]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.