UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARNELL STEELE

              Plaintiff,

   v.

GARY RALPH and MID ERIE COUNSELING
AND TREATMENT SERVICES,

              Defendants.

**DECISION AND ORDER**
12-CV-461S

## I.  INTRODUCTION

In this action, pro se Plaintiff Darnell Steele alleges, pursuant to 42 U.S.C. § 1983, that Defendants violated his constitutional rights by interfering with his medical treatment while he was a parolee.  Plaintiff has not, however, diligently prosecuted this case, despite being warned about the consequences of his failure to do so.  Consequently, this case will be dismissed for failure to prosecute and for failure to comply with court orders.

## II.  BACKGROUND

Plaintiff filed his complaint in this action on May 17, 2012.  (Docket No. 1.)  He subsequently supplemented his complaint (Docket Nos. 5, 7), which the court deemed part of the original complaint (Docket No. 8).  After engaging in discovery and pretrial motion practice, Defendant Mid Erie Counseling and Treatment Services ("Mid Erie") filed a Motion for Summary Judgment on September 28, 2015.  (Docket No. 36.)  This Court thereafter directed Plaintiff to respond to Defendant Mid Erie's motion by October 29, 2015.  (Docket No. 44.)  After this Court's Order was returned as undeliverable to Plaintiff, this Court *sua sponte* extended Plaintiff's time to respond to December 7, 2015, and sent notice thereof to the updated address Plaintiff provided to the Clerk of Court.  (Docket No. 45.)

In the interim, Defendant Gary Ralph filed a Motion for Summary Judgment on November 23, 2015.  (Docket No. 47.)  This Court thereafter set a December 28, 2015 deadline for Plaintiff to respond to both motions for summary judgment.  (Docket No. 48.)  Plaintiff failed to file responses as directed, prompting this Court to again *sua sponte* extend his time to respond, this time to February 1, 2016.  (Docket No. 50.)  Plaintiff again failed to respond as directed.

Consequently, on February 29, 2016, this Court issued a Decision and Order setting a final March 31, 2016 deadline for Plaintiff's responses and warning Plaintiff that his continued failure to respond could result in this Court granting Defendants' motions as uncontested or dismissing Plaintiff's case for failure to prosecute.  (Docket No. 51.)  In the almost seven months that have passed since the entry of that Decision and Order, Plaintiff has failed to respond to either motion for summary judgment or have any contact with the court whatsoever.

### III.  DISCUSSION

### A.    Dismissal under Rule 41(b) For Failure to Prosecute

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations."  Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in cases involving pro se plaintiffs, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225

F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

### 1.   Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute: he has, without explanation, failed to comply with this Court's scheduling orders, failed to file responses to Defendants' motions, and failed to have any contact whatsoever with the court for seven months..

With respect to duration, Plaintiff's inaction has caused unnecessary delay of approximately one year since the September 29, 2015 filing of Mid Erie's Motion for Summary Judgment.   This is a failure of significant duration.   See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).

Thus, this Court finds that this factor weighs in favor of dismissal—all delay is attributable to Plaintiff and is of significant duration.

### 2.   Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction.  See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).  In the present case, there can be no question that Plaintiff had adequate

notice.  This Court explicitly and directly warned Plaintiff that his failure to comply with the court's directives could lead to his case being dismissed.  (Docket No. 51.)  It also warned him that the March 31, 2016 was a final extension.  (See Docket No. 51 (indicating that the Decision and Order sets forth "a final schedule".)  Because Plaintiff was on adequate notice that his case could be dismissed, this factor strongly weighs in favor of dismissal.  See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3.    Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."  Lyell Theatre, 682 F.2d at 43 (citations omitted).  In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court.  Id. at 39-40, 43.  Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal.  Id. at 39.  Under Lyell Theatre, the prejudice to Defendants in this case may be presumed.  Thus, this factor weighs in favor of dismissal.

### 4.    Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case.  See Norden Sys., 375 F.3d at 257.  In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty

to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused this Court to prepare and file several scheduling orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with this Court's Orders. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record, it is this Court's opinion that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored directives to respond to Defendants' motions and diligently prosecute this case. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions

inappropriate based on repeated failures to comply with court orders).  Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

Mindful of the fact that cases brought by pro se plaintiffs should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect.  Plaintiff has failed to diligently prosecute this action, and he has failed to comply with orders of this Court.  As such, because each of the factors relevant to the Rule 41(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that this case is dismissed with prejudice pursuant to Rules 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of Court is directed to terminate the pending Motions for Summary Judgment (Docket No. 36, 47) as moot.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      October 16, 2016
            Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge